IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 FEB 24 P 3: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DAWN COBB CARRIGAN, JANET GATES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHEAST ALABAMA RURAL HEALTH ASSOCIATES; GREENWAY HEALTH, LLC; GREENWAY EHS, INC.; SUNRISE TECHNOLOGY CONSULTANT; LEE INVESTMENT CONSULTANTS, LLC<br><br>Defendants. | Case No. 2:17-CV-114 |

## NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

Defendants, GREENWAY HEALTH, LLC ("Greenway") and GREENWAY EHS, INC. ("Greenway EHS"), pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453 and M.D. Ala. LR 81.1, file this Notice of Removal and in support states as follows:

1. On or about January 27, 2017, Plaintiffs, DAWN COBB CARRIGAN and JANET GATES ("Named Plaintiffs") served Greenway and Greenway EHS with a purported class action Complaint in the Circuit Court of Pike County, Alabama, asserting claims for breach of Alabama's Administrative Code provisions governing medical record retention and negligence, which was assigned Case No. 2017-000005 ("State Court Action").

2. Greenway and Greenway EHS are named defendants in the State Court Action.

1

## The Applicable Requirements of 28 U.S.C. §§ 1446 and 1453 are Satisfied

3. Copies of all process, pleadings and orders served upon Greenway and Greenway EHS are filed herewith as required by 28 U.S.C. § 1446(a). True and correct copies of all process, pleadings and orders served upon Greenway and Greenway EHS in the State Court Action are attached as follows: Named Plaintiff's Complaint ("Complaint") is attached as **Exhibit A-1**, the Civil Summonses served on Greenway and Greenway EHS are attached as **Exhibit A-2**, the Notices of Electronic Filing, including Appearance of Counsel by Christina D. Crow served on Greenway and Greenway EHS are attached as **Exhibit A-3**, and the Notice of Electronic Filing, including Appearance of Counsel by Sara Elizabeth C. Matthews served on Greenway and Greenway EHS are attached as **Exhibit A-4**. The remaining documents available to, but not served upon, Greenway and Greenway EHS from the court file for the State Court Action are attached as **Exhibit A-5**.

4. The United States District Court for the Middle District of Alabama, Northern Division, embraces Pike County, Alabama; rendering this Court the court to which removal is appropriate under 28 U.S.C. § 1446(a).

5. This Notice is filed within thirty (30) days of January 27, 2017, the date on which the Complaint was served on Greenway and Greenway EHS in accordance with 28 U.S.C. § 1446(b).

6. The Clerk of Court for the Circuit Court of Pike County, Alabama and all other parties to the State Court Action have been provided a copy of this Notice of Removal as required by 28 U.S.C. § 1446(d).

7. The State Court Action purports to be brought as a class action under Alabama law as required for removal under 28 U.S.C. § 1453(b).[1] *See* Exhibit A-1 at ¶ 15.

## Removal is Appropriate under 28 U.S.C. § 1332(d)

8. This Court has original jurisdiction and removal is appropriate under the applicable provisions of 28 U.S.C. § 1332(d) because (a) the State Court Action purports to be a class action, (b) the alleged class involves over 100 class members, (c) the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs and (d) minimal diversity exists between at least one potential class member and at least one defendant.[2]

  *A. The State Court Action purports to be a class action as required under 28 U.S.C. § 1332(d)(2).*

9. Named Plaintiffs allege that the State Court Action is brought as class action under the laws of the state of Alabama. *See* Exhibit A-1 at ¶ 15.

  *B. The proposed class contains more than 100 class members as required under 28 U.S.C. § 1332(d)(5)(B)*

10. Named Plaintiffs allege that the proposed class consists of approximately seventy thousand (70,000) class members. *See* Exhibit A-1 at ¶ 15(B).

  *C. The amount in controversy, exclusive of interests and costs, exceeds five million dollars ($5,000,000.00) as required under 28 U.S.C. § 1332(d)(2)*

11. In their Complaint, Named Plaintiffs do not allege an amount in controversy based on the alleged injury suffered by the putative class.

12. Because the injury alleged by Named Plaintiffs stem from the loss of access to their medical records, the potential statutory fine represents a reasonable substitute that can be utilized to estimate the amount in controversy. *See Dudley v. Eli Lilly and Co.*, 778 F. 3d 909, 912-913 (11th Cir. 2014) (observing that in alleging the amount in controversy, the defendant must include a "plausible allegation that the amount in controversy exceeds the jurisdictional

---

[1] Because the State Court Action asserts claims for breach of Alabama's Administrative Code provisions governing medical record retention and negligence, the exceptions enumerated in 28 U.S.C. § 1453(d) do not apply.
[2] Because the State Court Action asserts claims for breach of Alabama's Administrative Code provisions governing medical record retention and negligence, the exceptions enumerated in 28 U.S.C. § 1332(d)(9) do not apply.

threshold," and "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence").

13. The calculation of the potential amount in controversy should represent a reasonable chain of reasoning in the absence of any allegations as to the amount in controversy by the Named Plaintiffs. *See LaCross v. Knight Transp. Inc.*, 775 F. 3d 1200, 1202 (9th Cir. 2015).

14. Under Alabama Code § 34-24-360(23), the Medical Licensure Commission shall have the power to levy fines whenever a medical practitioner fails to comply with any rule of the Board of Medical Examiners or Medical License Commission

15. Under Alabama Code § 34-24-360(22) the Medical Licensure Commission shall have the power to levy fines whenever a medical practitioner fails to maintain patient medical records as required by the Medical License Commission Administrative Code.

16. Under Alabama Code § 34-24-381(a), violations of Alabama Code § 34-24-360 may be punished by a fine of up to ten thousand dollars ($10,000.00) for each violation.

17. The fines under Alabama Code § 34-24-360 are levied by the Medical Licensure Commission against a medical practitioner and, therefore, are not appropriately levied against Greenway. However, because Named Plaintiffs have not alleged an amount in controversy, these Code sections provides a reasonable basis for determining the amount in controversy in the State Court Action.

18. Based on an alleged seventy thousand (70,000) class members and potential statutory fines of up to ten thousand dollars ($10,000) per violation, the amount in controversy clearly exceeds the jurisdictional threshold of five million dollars ($5,000,000.00).

   D.   *There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A)*

19. The proposed "Class" in the State Court Action is described as follows:

4

> [a]ll persons in the State of Alabama who received treatment at SARHA [Southeast Alabama Rural Health Associates] medical facilities from November of 2011 through August 26, 2016 who were entitled under Alabama and Federal law to have their medical records properly preserved.

*See* Exhibit A-1 at ¶ 15(I).

20. Based on this description, the purported class is a nationwide class that encompasses all persons who received treatment from Southeast Alabama Rural Health Associates ("SARHA") over an almost five year period, regardless of whether those persons lived in Alabama at the time of treatment or when the State Court Action was filed and whose medical records were required to be preserved under Alabama and Federal law. Accordingly, the purported class inevitably includes both Alabama and non-Alabama citizens.[3]

### 1. At least one putative class member is diverse from Greenway EHS

21. As a corporation, Greenway EHS is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" under 28 U.S.C. § 1332(c)(1).

22. At the time the State Court Action was filed and at the time of the filing of this Notice, Greenway EHS is an Alabama corporation, formed and existing under the laws of Alabama, with its principle place of business in Tampa, Florida. *See* Greenway EHS's Tax Year 2015 Alabama Secretary of State Corporation Annual Return, which was submitted to the Alabama Department of Revenue on June 14, 2016, a true and correct copy (redacted to remove sensitive business and personal information) of which is attached as **Exhibit B**. Therefore, Greenway EHS is a citizen of Alabama and Florida.

23. Accordingly, minimal diversity exists between Greenway EHS and the members

---

[3] Further, Named Plaintiffs' do not specifically exclude non-Alabama citizens from the alleged class supporting the conclusion that Named Plaintiffs intend to represent a nationwide class. *See* Exhibit A-1 at ¶ 15(k).

of the putative class who are not citizens of either Alabama or Florida.

        2.    *At least one putative class member is diverse from SARHA*

24. As a corporation, SARHA is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" under 28 U.S.C. § 1332(c)(1).

25. At the time the State Court Action was filed and at the time of the filing of this Notice, SARHA is an Alabama corporation with its principle place of business in Troy, Alabama. *See* Exhibit A-1 at ¶ 9. Therefore, SARHA is only a citizen of Alabama.

26. Accordingly, minimal diversity exists between SARHA and the members of the putative class who are not citizens of Alabama.

        3.    *At least one putative class member is diverse from Sunrise Technology Consultants LLC ("Sunrise")*

27. As an unincorporated association, Sunrise is deemed to be a citizen of "the State where it has its principal place of business and the State under whose laws it is organized" under 28 U.S.C. § 1332(d)(10).

28. At the time the State Court Action was filed and at the time of the filing of this Notice, Sunrise is an Alabama limited liability company, formed and existing under the laws of the state of Alabama, with its principle place of business in Montgomery, Alabama. *See* Exhibit A-1 at ¶ 12. Therefore, Sunrise is only a citizen Alabama.

29. Accordingly, minimal diversity exists between Sunrise and the members of the putative class who are not citizens of Alabama.

        4.    *At least one putative class member is diverse from Lee Investments Consultants, LLC ("Lee")*

30. As an unincorporated association, Lee is deemed to be a citizen of "the State

where it has its principal place of business and the State under whose laws it is organized" under 28 U.S.C. § 1332(d)(10).

31. At the time the State Court Action was filed and at the time of the filing of this Notice, Lee is an Alabama limited liability company, formed and existing under the laws of the state of Alabama, with its principle place of business in Hokes Bluff, Alabama. *See* Exhibit A-1 at ¶ 13. Therefore, Lee is only a citizen of Alabama.

32. Accordingly, minimal diversity exists between Lee and the members of the putative class who are not citizens of Alabama.

### 5. *At least one putative class member is diverse from Greenway*

33. Greenway is an unincorporated association that is deemed to be a citizen of "the State where it has its principal place of business and the State under whose laws it is organized" under 28 U.S.C. § 1332(d)(10).

34. At the time the State Court Action was filed and at the time of the filing of this Notice of Removal, Greenway is a Delaware limited liability company, formed and existing under the laws of Delaware, with its principle place of business located in Tampa, Florida. *See* Greenway's 2016 Foreign Limited Liability Company Annual Report, which was filed with the Florida Secretary of State on February 19, 2016, a true and correct copy of which is attached as **Exhibit C**. Therefore, Greenway, as an unincorporated association, is a citizen of Delaware and Florida.

35. Therefore, minimal diversity exists between Greenway and at least one member of the putative class because Named Plaintiffs were at the time of filing of the State Court Action and are at the time of the filing of this Notice of Removal residents of Pike County, Alabama. *See* Exhibit A-1 at ¶ 13-14.

WHEREFORE, because the requirements of 28 U.S.C. §§ 1446, 1453 and 1332(d) are

met, please take notice that this action has been removed to the United States District Court, Middle District of Alabama, Northern Division.

Dated: February 24, 2017

Respectfully submitted,

*/s/ Sara Elizabeth C. Matthews*
Sara Elizabeth C. Matthews
Alabama State Bar No. ASB-0576-Y71N
MATTHEWS LAW FIRM, LLC
Post Office Box 1145
Ozark, Alabama 36361
Telephone: (334) 774-8804
Email: saraelizabethmattews@gmail.com

*Counsel for Greenway Health, LLC and Greenway EHS, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of February 2016, I have served a copy of the foregoing NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION via first class mail with adequate postage affixed thereto, and addressed as follows:

N.J. Cervera
Grady A. Reeves
Matthew M. Baker
CERVERA, RALPH, REEVES, BAKER & HASTINGS, LLC
P.O. Box 325
Troy, Alabama 36081

Southeast Alabama Rural Health Associates
1414 Elba Highway
Troy, Alabama 36079

E. Allen Dodd Jr.
SCRUGGS, DODD & BRISENDINE ATTORNEYS, PA
207 Alabama Avenue, SW
Fort Payne, Alabama 35968

Lee Investment Consultants, LLC
Scott E. Lee
5340 Hwy 278 E
Hokes Bluff, Alabama 35903

Christina D. Crow
JINKS, CROW & DICKSON, P.C.
P.O. Box 350
Union Springs, Alabama 36089

Roger L. Bates
Joseph L. Cowan, II
W. McKinley Dunn
HAND ARENDALL, LLC
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

Sunrise Technology Consultants, LLC
Incorp Services, Inc.
2094 Myrtlewood Drive
Montgomery, Alabama 36111

Sara Elizabeth C. Matthews
Alabama State Bar No. ASB-0576-Y71N
*Counsel for Greenway Health, LLC and Greenway EHS, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of February 2016, I have served a copy of the foregoing NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION via first class mail with adequate postage affixed thereto, and addressed as follows:

N.J. Cervera
Grady A. Reeves
Matthew M. Baker
CERVERA, RALPH, REEVES,
BAKER & HASTINGS, LLC
P.O. Box 325
Troy, Alabama 36081

Southeast Alabama Rural Health Associates
1414 Elba Highway
Troy, Alabama 36079

E. Allen Dodd Jr.
SCRUGGS, DODD & BRISENDINE
ATTORNEYS, PA
207 Alabama Avenue, SW
Fort Payne, Alabama 35968

Lee Investment Consultants, LLC
Scott E. Lee
5340 Hwy 278 E
Hokes Bluff, Alabama 35903

Christina D. Crow
JINKS, CROW & DICKSON, P.C.
P.O. Box 350
Union Springs, Alabama 36089

Roger L. Bates
Joseph L. Cowan, II
W. McKinley Dunn
HAND ARENDALL, LLC
2001 Park Place North, Suite 1200
Birmingham, Alabama 35203

Sunrise Technology Consultants, LLC
Incorp Services, Inc.
2094 Myrtlewood Drive
Montgomery, Alabama 36111

/s/ Sara Elizabeth C. Matthews
Sara Elizabeth C. Matthews
Alabama State Bar No. ASB-0576-Y71N
*Counsel for Greenway Health, LLC and Greenway EHS, Inc.*

9