IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAWN COBB CARRIGAN AND JANET GATES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 2:17-CV-114-WKW [WO] |
| SOUTHEAST ALABAMA RURAL HEALTH ASSOCIATES; GREENWAY ASSOCIATES, LLC; GREENWAY EHS, INC.; SUNRISE TECHNOLOGY CONSULTANTS; LEE INVESTMENT CONSULTANTS, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Dawn Cobb Carrigan and Janet Gates bring a class action on behalf of themselves and all others similarly situated seeking indeterminate damages suffered as a result of lost medical records. Defendants are Southeast Alabama Rural Health Associates ("SARHA"), a non-profit Alabama corporation; Greenway Health, LLC ("Greenway"), a Delaware LLC; Greenway EHS ("EHS"), an Alabama corporation; Sunrise Technology Consultants LLC ("Sunrise"), an Alabama corporation; and Lee Investment Consultants, LLC ("Lee"), an Alabama corporation.

Plaintiffs originally filed the lawsuit in the Circuit Court of Pike County, Alabama, but Defendants Greenway and EHS ("the Greenway Defendants") removed it here under the jurisdictional provision of the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. §§ 1332(d)(11) and 1453.

Before the court is Plaintiffs' motion to remand for lack of subject-matter jurisdiction, filed pursuant to 28 U.S.C. § 1332. (Doc. # 28.) Plaintiffs argue that the amount in controversy is not satisfied and that there exists no diversity of citizenship. Alternatively, Plaintiffs argue that CAFA's local controversy exception precludes subject-matter jurisdiction. After careful consideration, the court finds that the motion to remand is due to be granted because Defendants have failed to establish that the amount in controversy requirement is satisfied.

## I. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Against that legal backdrop, in actions removed from state court to federal court, federal courts usually strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of proving jurisdiction on the removing defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006). However, the Supreme Court has made clear

that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, there is no longer any presumption in favor of remand in deciding CAFA jurisdiction questions. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

## II. BACKGROUND

In their class action complaint, Plaintiffs allege that Defendant SARHA failed to maintain patient medical records between November 2011 and August 2016 because of the other Defendants' failure to maintain properly the database that housed the medical records. (Compl. ¶ 1.) Specifically, Plaintiffs allege that Greenway, EHS, Sunrise, and Lee represented to SARHA that they maintained a backup database to secure the medical records when those Defendants knew that no such backup existed. (Compl. ¶¶ 9–10.) As a result, Plaintiffs argue, SARHA violated its duty to secure properly its patients' medical records, resulting in damages to Plaintiffs and the class they represent.

Plaintiffs seek relief for themselves and all others similarly situated for Defendants' failure to maintain medical records. The proposed class is defined as including "[a]ll persons in the State of Alabama who received treatment at SARHA medical facilities from November of 2011 through August 26, 2016 who were entitled under Alabama and Federal law to have their medical records properly

preserved." (Compl. ¶ 15(I).) At the time the complaint was filed, SARHA had received over 700 separate requests for medical records, including subpoenas in ongoing litigation, requests from patients to forward information to specialists, request for vaccination records to enroll children in school, and requests for records to send to insurance providers. (Compl. ¶ 51.) It was unable to comply with any of these requests. (Compl. ¶ 52.)

Specifically, Plaintiffs make two claims: (1) for a violation of Alabama Administrative Code Chapter 545-x-4-.08 and -.09, and (2) for negligence and wantonness. On each count, Plaintiffs do not make a specific demand for damages; instead, they demand "any and all available fines, penalties, damages, compensatory damages, punitive damages, attorney's fees, interest and costs." (Compl. ¶ 59.)

This case began in the Circuit Court of Pike County, and the Greenway Defendants removed it to the United States District Court for the Middle District of Alabama within thirty days of being served with a summons and copy of the complaint. *See* § 1332(d)(2) (governing class action removals); § 1446(b) (governing removal procedures). In their notice of removal, the Greenway Defendants contend that jurisdiction of this CAFA action is proper because the minimal diversity requirements are satisfied, there are more than 100 plaintiffs, and the monetary claims exceed $5 million in the aggregate. (Not. of Removal ¶ 8); *see* § 1332(d)(2), (5). Specifically, Defendants argue that, based on certain provisions

of the Alabama Code that empower a commission to fine medical practitioners up to $10,000 per violation, the amount in controversy is satisfied, given that the class allegedly numbers 70,000. (Not. of Removal ¶ 18); *see* Ala. Code §§ 34-24-360, -381.

Plaintiffs responded by filing a motion to remand to state court. They challenge the Greenway Defendants' ability to prove that the amount in controversy and minimal diversity requirements under CAFA are satisfied. (Mot. to Remand 4–7.) Alternatively, Plaintiffs argue that CAFA's local controversy exception applies to preclude jurisdiction. (Mot. to Remand 8–9.)

## III. DISCUSSION

CAFA gives district courts subject-matter jurisdiction to entertain class actions removed from state courts provided that four requirements are met: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202–03 (11th Cir. 2007); *see* 28 U.S.C. § 1332(d)(11). Here, Plaintiffs challenge two of these requirements—the amount in controversy and minimal diversity requirements—and also argue that the local

controversy exception to CAFA applies even if the threshold CAFA requirements are satisfied.

Defendants have failed to establish that the amount in controversy requirement is satisfied, so there exists no subject-matter jurisdiction and this action is due to be remanded to state court. For that reason, Plaintiffs' remaining arguments will not be considered and this action must be remanded to state court.

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). Therefore, when "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In determining whether the amount in controversy is satisfied, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Dudley*, 778 F.3d at 912–13. The removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). However, "the defendant is not

excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Lowery*, 483 F.3d at 1217.

Plaintiffs argue that the amount in controversy requirement is not satisfied because Defendants have not proved, by a preponderance of the evidence, that the amount exceeds $5,000,000. As the party seeking removal, Defendants bear the burden of proof, and, Plaintiffs argue, they have failed to do so here.

In favor of removal, Defendants point to sections of the Alabama Code that grant the Medical Licensure Commission the power to levy fines on medical practitioners up to $10,000 for each failure to maintain a medical record. (Docs. # 1, 33); *see* Ala. Code §§ 34-24-360, -381. According to Defendants, using this code section to determine the amount in controversy is "possibly the only way[] to estimate the amount in controversy." (Doc. # 33, at 4.) And, considering the "sheer size" of the purported class, Defendants argue, the amount in controversy must be satisfied. (Doc. # 33, at 4.)

However, Defendants do not explain how the Alabama Code provisions are relevant to determining the amount in controversy in this case. By its own terms, the cited section of the Code gives the Medical Licensure Commission the "power and duty to . . . fine any licensee whenever the licensee shall be found guilty on the basis of substantial evidence of . . . [f]ailure to maintain for a patient a medical record which meets the minimum standards stated in the rules and regulations promulgated

by the commission." Ala. Code § 34-24-360. As Defendants admit, (Doc. # 1, ¶ 17), the provisions apply only to medical practitioners, of which there are none in this case. Moreover, even if a medical practitioner were involved in this case, the Code does not provide for a private cause of action, but for administrative fines. Simply put, Defendants have failed to show how the cited portions of the Alabama Code are relevant to determining the amount in controversy.

Defendants do not offer any evidence whatsoever about Plaintiffs' damages. Instead, they claim that unrelated provisions of the Alabama Code are the only way to prove that the amount in controversy requirement is satisfied. If that is so, then Defendants *cannot* prove that the amount is satisfied in this case. Even "[t]hough the defendant . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Lowery*, 483 F.3d at 1217. Here, Defendants have offered little more than conclusory allegations that the claims exceed $5,000,000. They must do more to come within federal subject-matter jurisdiction.

## IV. CONCLUSION

The removing Defendants have failed to meet their burden of proving federal jurisdiction under CAFA. It is, therefore, ORDERED that Plaintiffs' motion to

remand (Doc. # 28) is GRANTED and that this action is REMANDED to the Circuit Court of Pike County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate remand.

DONE this 12th day of September, 2017.

                                       /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE